**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHEN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | CHAPTER 13 |
| Wilson Bonilla | ) | Case No. 11-04624 |
| | ) | Judge: Jack B. Schmetterer |
| | ) | Trustee: Tom Vaughn |
| Debtors | ) | |
| | ) | |
| Wilson Bonilla | ) | |
| | ) | |
| Plaintiff | ) | AP No. 11-00737 |
| -vs- | ) | |
| | ) | |
| Chase Home Finance | ) | |
| Defendant | ) | |

## ~~AMENDED APROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Following entry of default judgment, the following findings of fact and conclusions of law will be made and entered:

**Findings of Fact**

1. The Debtor, Wilson Bonilla, filed chapter 13 on April 1, 2010. The Debtor owns his home at 2028 N. Tripp Ave, Chicago, IL 60639 in fee simple. The Debtor scheduled the value of his residence at $85,000.00. The home is subject to a first mortgage in favor of Chase Home Finance and a junior mortgage also in favor of Chase Home Finance.

2. The amount if Chase Home Finance secured claim for the first mortgage is $200,865.64, and the amount of the Chase Home Finance secured claim for the second mortgage is $23,459.00.

3. On February 7, 2011, the Debtor a modified chapter 13 plan (the "Plan" ). The Plan provides for payment by the Debtor to the Trustee for 36 months with unsecured creditors receiving 10% of their filed claims and payment of $1,000.74 per month directly to Chase Home Finance on the first mortgage.

4. On May 3, 2011, the Plaintiff will present a motion for entry of default judgment.

5. The Secured claim of Chase Home Finance in an amount of at least $200,865.64, exhausts the equity in the Debtor's residence, and there is no equity to support the claim of the second mortgage of Chase Home Finance.

**Conclusions of Law**

1. The claim of Chase Home Finance, in an amount of at least $200,865.64 is secured by a first priority lien in the Debtor's residence.

2. The mortgage of Chase Home Finance (in the amount of $23,459.00) is second in priority, junior to the lien of Chase Home Finance.

3. As there is no equity to support the second priority lien of Chase Home Finance, the said creditor's claim is not a claim secured solely by a security interest in the Debtor's principal residence, as that term is used in Section 1322(b) of the Bankruptcy Code, and the Debtor's plan legitimately modify the rights if the creditor.

4. The Court's conclusion, that the bankruptcy court has the authority to strip off a wholly unsecured junior mortgage, is the majority position among courts that have addressed the question, and is supported by First Bank, Inc. v. Van Wie, 203 WL 1563959 (S.D. Ind. 2003), which hold as follows:

[T]he clear weight of appellate authority favors the bankruptcy court's authority to strip off a wholly unsecured junior mortgage. See *In re Bartee*, 212 F. 3d 277, 288-89 & nn. 15-18 (5th Cir. 2000). The majority hold "that the antimodification exception is triggered only where there is sufficient value in the underlying collateral to cover some portion of the creditor's claim." *In re Pond,* 252 F.3d 122 (2d Cir. 2001). The seven federal circuits or circuit bankruptcy appellate panels to

rule on the question have adopted the majority position. The Seventh Circuit has yet to decide the question. Among the three published decisions within the circuit, one bankruptcy court, *In re Waters*, 276 B.R. 879 (Bankr. N.D. Ill 2002) and one district court, *In re Holloway*, 2001 WL 1249053 (N.D.Il 2001), adopted the majority view and one bankruptcy court, *In re Barnes*, 207 B.R. 588 (Bankr.N.D.Ill 1997), adopted the minority view that even wholly unsecured junior mortgages are protected by §1322(b)(2)." First Bank, Inc., Van Wie, 2003 WL 1563959, p.3.

6/L/11

ENTER:

_____

Jack B. Schmetterer
U.S. Bankruptcy Judge

JUN 0 2 2011

Zalutsky & Pinski
20 N. Clark Suite 600
Chicago, IL 60606
(312)782-9792 PHONE
(312)782-0483 FAX